**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| IANTHA SCHOU, ) | |
|         **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2018-0006 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|         **Defendant.** ) | |
| ) | |

**Attorneys:**
**Yohana M. Manning, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Angela Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's "Motion Seeking Expedited Ruling Regarding the Appearance Fee to be Paid [to] Gary Jett, M.D. at his Deposition Sch[e]duled for November 8, 2021" (Dkt. No. 151) and Memorandum in Support thereof (Dkt. No. 152).

Dr. Gary Jett was disclosed as an expert treating physician by Plaintiff on February 18, 2020. (Dkt. No. 71). At the pretrial conference in this matter held on March 10, 2021, the Court provided the parties with additional time to conduct further discovery on a discrete set of issues. (Dkt. No. 121). Specifically, the Court found that "Plaintiff's disclosures for Dr. Gary Jett . . . [did] not comply with the requirements of Fed. R. Civ. P. 26(a)(2)(C)," and provided Plaintiff with an extended deadline to submit the required disclosures in compliance with the Federal Rule. *Id.* at 2-3. Additionally, the Court provided Defendant an extension of time to depose Dr. Jett in light of those new disclosures, and to retain any witnesses in response to Dr. Jett's testimony. *Id.* at 3.

In its Motion, Defendant states that Dr. Jett is seeking payment in advance of his deposition—now scheduled for November 8, 2021—at a rate of $600 per hour as an expert witness. (Dkt. No. 151). However, Defendant argues that Dr. Jett, as a treating physician, is a fact witness and is therefore entitled to only the statutory fee of $40 per day pursuant to 28 U.S.C. § 1821. *Id.* at 1. Specifically, Defendant contends that at the deposition it "does not seek to solicit expert testimony beyond the observations Jett made during his care of Plaintiff. Therefore, the government contends that Jett is . . . a fact witness for the purposes of compensation for his appearance at the virtual deposition scheduled for November 8, 2021." (Dkt. No. 152 at 5). Defendant thus seeks an order from the Court "resolv[ing] the issue of compensation that the government will have to pay Jett for his appearance." *Id.*

Federal Rule of Civil Procedure 26(b)(4)(E) provides in pertinent part that: "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery." *See also MRL Development, LLC v. Whitecap Investment Corp.*, Civil No. 2013-48, 2017 U.S. Dist. LEXIS 46211, at *21 (D.V.I. Mar. 23, 2017) ("As a general rule, a party taking an opposing party's expert's deposition is required to pay the expert a reasonable hourly fee for the expert's time in the deposition." (citing Fed. R. Civ. P. 26(b)(4)(E))). By contrast, for a fact witness, 28 U.S.C. § 1821 provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance" in addition to certain mileage costs.

Under the circumstances here there are two issues that must be addressed in determining the appropriate compensation for Dr. Jett. First, there is the issue as to whether Dr. Jett should be paid as a fact or expert witness. In this regard, given that treating physicians—like Dr. Jett—can

2

provide both lay and expert testimony,[1] courts are not uniform regarding how they should be compensated. *Compare Jorden v. Steven J. Glass, MD*, Civil No. 09-1715 (JHR/JS), 2010 WL 3023347, at *2 (D.N.J. July 23, 2010) (treating physician deposed as a fact witness entitled to statutory $40 fee), *with Lamere v. New York State Office for the Aging*, 223 F.R.D. 85, 93 (N.D.N.Y. 2004) (all experts entitled to reasonable fee, whether retained or not).

Second, if Dr. Jett is entitled to be paid as an expert under Fed. R. Civ. P. 26(b)(4)(E), the Court must make a determination as to whether the fee charged is reasonable. *See Ndubizu v. Drexel Univ.*, Civil Action No. 07-3068, 2011 U.S. Dist. LEXIS 140792, at *4 (E.D. Pa. Nov. 16, 2011) ("Notwithstanding the moving party's showing of reasonableness, the court has an independent duty to determine what fees and expenses are reasonable and must adjust those that are deemed unreasonable." (citing *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 496 (S.D. Iowa 1992); *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 356 (5th Cir. 2007))), *adopted by* 2011 U.S. Dist. LEXIS 139863 (E.D. Pa. Dec. 5, 2011). Courts have considered a number of factors in determining whether the fee requested is reasonable:

> (1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interest implicated by Rule 26.

*Clossin v. Norfolk Southern Ry.*, Civil Action No. 3:13-01, 2014 U.S. Dist. LEXIS 92184, at *1-2 (W.D. Pa. July 8, 2014) (citing *Delgado v. Sweeney*, No. 01-cv-3092, 2004 WL 228962, at *3

---

[1] Treating physicians may provide lay testimony, and if designated as an expert—as here—may also provide expert testimony. *See Pease v. Lycoming Engines,* Civil Action No. 4:10-CV-00843, 2012 U.S. Dist. LEXIS 6354, at *40-41 (M.D. Pa. Jan. 19, 2012); *see also* Fed. R. Civ. P. 26 advisory committee's notes on 2010 amendments ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony . . . . Frequent examples include physicians . . . . Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).").

(E.D. Pa. Jan. 6, 2004)); *Ndubizu*, 2011 U.S. Dist. LEXIS 140792, at *5-6; *Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 333 (D. Del. 2003). The burden is on the party seeking expert fees to demonstrate that the fees sought are reasonable. *Clossin*, 2014 U.S. Dist. LEXIS 92184, at *2; *Am. Outdoorsman v. Shadow Bevs. & Snacks, LLC*, Civil Action No. 13-443, 2014 U.S. Dist. LEXIS 133231, at *5 (W.D. Pa. Sept. 23, 2014).

In view of the foregoing, the Court will order briefing on both issues identified above. The various factors that the Court should consider in resolving the compensation matter suggest that any attempt to resolve the matter at this time would be premature. *See Conte v. Newsday, Inc.*, No. CV 06-4859 (JFB)(ETB), 2011 U.S. Dist. LEXIS 88546, at *6 (E.D.N.Y. Aug. 10, 2011) ("Although defendants have the right to depose plaintiff's experts at a 'reasonable fee,' to the extent that defendants' Motion asks the Court to set such a fee, it is premature. The rule and the case law make[] it clear that the parties seeking court intervention to determine a reasonable fee for an expert deposition should do so retrospectively—that is, after the deposition has taken place.").

The need for briefing regarding compensation should not delay the scheduled deposition because Dr. Jett is not entitled to payment in advance. *See* Fed. R. Civ. P. 45(b)(1); *Harris v. Costco Wholesale Corp.*, 226 F.R.D. 675, 676 (S.D. Cal. 2005) ("[Rule 26] <u>does not</u> state, however, that the expert's fees must be paid in advance of the deposition absent agreement to do so. To the contrary, 'unlike ordinary witness fees, no rule requires that an opposing expert's deposition fees be tendered to the witness in advance.");[2] *Johnson v. Spirit Airlines, Inc.*, No. CV 07-1874 (FB) (JO), 2008 U.S. Dist. LEXIS 36978, at *3 (E.D.N.Y. May 6, 2008) (stating that

---

[2] Pursuant to Federal Rule of Civil Procedure 45(b)(1), "[f]ees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies."

4

under Rule 26, an expert treating physician "may not insist on advance payment, and may not set a flat fee before he knows what he will be called upon to do" ). Thus, the deposition should proceed as scheduled.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant's "Motion Seeking Expedited Ruling Regarding the Appearance Fee to be Paid [to] Gary Jett, M.D. at his Deposition Sch[e]duled for November 8, 2021" (Dkt. No. 151) is **DENIED WITHOUT PREJUDICE;** and it is further

**ORDERED** that Plaintiff shall have up to and including **November 22, 2021** within which to file a Motion with an accompanying Memorandum which shall address the issue of the proper amount of compensation due to Dr. Jett for his deposition;[3] and it is further

**ORDERED** that Plaintiff's submission shall include Plaintiff's position as to whether Dr. Jett is entitled to a fact or expert witness fee, with the legal and factual support therefor; and it is further

**ORDERED** that Plaintiff's submission shall also address the reasonableness of the $600 hourly fee or any other expert witness fee sought under Fed. R. Civ. P. 26(b)(4)(E), based on the factors set forth in *Clossin v. Norfolk Southern Ry.*, Civil Action No. 3:13-01, 2014 U.S. Dist. LEXIS 92184 (W.D. Pa. July 8, 2014); and it is further

**ORDERED** that Defendant shall have up to and including **December 6, 2021** within which to file a Response to Plaintiff's Motion, with legal and factual support for its position; and it is further

---

[3] Because the burden is on the party seeking expert fees to demonstrate that the fees sought are reasonable, the Court will order Plaintiff to file her submission first, justifying the expert fees sought.

5

6

**ORDERED** that Plaintiff shall have up to and including **December 13, 2021** to file a Reply to Defendant's Response.

**SO ORDERED.**

Date:   November 5, 2021                     _____/s/_____
                                             WILMA A. LEWIS
                                             District Judge