**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **IANTHA SCHOU,** ) | |
|         **Plaintiff,** ) | |
| ) | |
|     **v.** ) | **Civil Action No. 2018-0006** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
|         **Defendant.** ) | |
| ) | |

**Attorneys:**
**Yohana M. Manning, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Angela Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
    *For Defendant*

**ORDER**

THIS MATTER comes before the Court on Defendant's "Motion to File Exhibits to Supplemental Breif [sic] Under Seal" (Dkt. No. 154), wherein Defendant requests an order permitting it "to file certain exhibits under seal that will be attached to its supplemental brief pursuant to the Court's November 5, 2021 [Order]." *Id.* at 1. In support of its Motion, Defendant states that the exhibits attached to its supplemental brief include medical records, deposition testimony about medical records, and "protected information that cannot be disclosed to the public pursuant to provisions of the Health Insurance Portability and Accountability Act of 1996 (HIP[A]A), and regulations promulgated under that Act." *Id.*[1]

---

[1] Defendant has since filed its supplemental brief, which addresses whether Plaintiff's treating physician is entitled to be paid as an expert or lay witness. (Dkt. No. 155).

The common law right to public access to judicial records and proceedings is axiomatic, and the Court maintains a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted). A party seeking to file judicial records under seal bears a "heavy burden" and must show that "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury." *Id.* (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984)); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).

In order to overcome the strong presumption of openness, a district court "must articulate 'the compelling, countervailing interests to be protected,' make 'specific findings on the record concerning the effects of disclosure,' and 'provide[] an opportunity for interested third parties to be heard.'" *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d at 672-73 (quoting *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 194 (3d Cir. 2001)). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quoting *In re Cendant Corp.*, 260 F.3d at 194) (internal quotation marks omitted).

Defendant seeks to seal several exhibits attached to its supplemental brief containing medical records and testimony regarding those medical records. Courts have found that medical information is the type of information that should be protected from public disclosure and that the privacy interests in a party's medical information may be sufficient to justify the sealing of judicial records. *See, e.g.*, *Moore v. CVS RX Servs.*, 660 Fed. App'x 149, 153 n.4 (3d Cir. 2016) ("We have recognized the important privacy interest in one's medical records. . . . [B]ecause in this instance, the right to privacy outweighs the public's right of access to materials filed in litigation, we grant CVS's motion for leave to file those records under seal."); *Ehnert v. Wash. Penn Plastic Co.*, 812

Fed. App'x 71, 72 n.1 (3d Cir. 2020) ("Ehnert's health and medical information should remain private and is a sufficient basis for sealing"); *Davis v. Elwyn, Inc.*, Civil Action No. 2:20-cv-05798-KSM, 2021 U.S. Dist. LEXIS 202889, at *7-9 (E.D. Pa. Oct. 20, 2021).

The Court finds that if Plaintiff's medical records and associated information were disclosed on the public docket, the injury to Plaintiff's privacy interest in her medical information would constitute a clearly defined and serious injury. In view of the nature of the information sought to be sealed, Plaintiff's right of privacy outweighs the public's right of access to the materials. Accordingly, Defendant's request to seal the exhibits containing such information will be granted. *See Prall v. Ricci*, Civil No. 10-1228 (JBS), 2014 WL 12803521, at *2 (D.N.J. Mar. 13, 2014) ("[T]he disclosure of Plaintiff's medical history . . . [is] a clearly defined serious injury sufficient to support the sealing of the documents." (internal citation and quotations omitted)).

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant's "Motion to File Exhibits to Supplemental Breif [sic] Under Seal" (Dkt. No. 154) is **GRANTED**; and it is further

**ORDERED** that Defendant shall file the exhibits to its supplemental brief **UNDER SEAL**; and it is further

**ORDERED** that the Clerk's Office shall grant counsel for the parties access to the sealed exhibits.

**SO ORDERED.**

Date:   December 7, 2021                             _____/s/_____
                                                     WILMA A. LEWIS
                                                     District Judge